UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. CR-1-06-111 |
| | : | |
| Plaintiff, | : | SR. JUDGE S. ARTHUR SPIEGEL |
| | : | |
| vs. | : | **MEMORANDUM IN OPPOSITION TO** |
| | : | **MOTION OF DEFENDANTS STEVEN WARSHAK,** |
| | : | **PAUL KELLOGG, BERKELEY PREMIUM** |
| STEVEN WARSHAK, et al, | : | **NUTRACEUTICALS, INC., AND TCI MEDIA, INC.** |
| | : | **FOR DISCOVERY OF WHETHER PRIOR** |
| Defendants. | : | **INTERCEPTIONS, SEARCHES, SEIZURES,** |
| | : | **OR 18 U.S.C. § 2703 SUBPOENAS AND** |
| | : | **ORDERS OCCURRED** |

The United States, by and through its attorneys, opposes the Motion of the above-named criminal defendants, which essentially demands that the United States be required to answer certain interrogatories as to whether various investigative methods were used, regardless of whether any evidence was obtained or will be offered by the United States at trial.  Because defendants' motion flies in the face of the Federal Rules and controlling precedent on criminal discovery, the United States respectfully urges the Court to deny defendants' motion.

Steven Warshak, Paul Kellogg, Berkeley Premium Nutraceuticals, Inc., and TCI Media, Inc., (hereinafter "defendants") filed, through their counsel, a "Motion... for Discovery of *Whether* Prior Interceptions, Searches, Seizures, or 18 U.S.C. §2703 Subpoenas and Orders Occurred..."(Emphasis added.)  Notwithstanding such caption, defendants' motion did not rely on Rule 16 of the Federal Rules of Criminal Procedure but, rather, asserted the authority of Fed.R.Crim.P. Rule 12(b)(3)(c) and (4)(B) (as well as the Fourth Amendment to the United States Constitution).  The defendants go on to list the six interrogatory-like requests they presented to the United States by letter and for which – following

the United States' refusal to answer to their satisfaction – they now seek this Court's order requiring the United States to "affirm or deny".

The United States asserts that an order requiring the United States to basically answer interrogatories posited by criminal defendants would be contrary to the clear parameters of what is discoverable under Rule 16 and this Circuit's precedent. Moreover, permitting defendants to require confirmation about whether certain investigatory steps were taken, regardless of whether any evidence was even obtained therefrom that will be used against the defendants, would have a chilling effect on future criminal investigations and generally impede the administration of justice.

There is no general constitutional right to discovery in a criminal case. United States v. Ruiz, 536 U.S. 622, 629 (2002); Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The Sixth Circuit has held specifically that discovery is limited to the parameters of Rule 16 – no less, but no more:

> *More importantly, the discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions.* The rule provides no authority for compelling the pre-trial disclosure of Brady material, *see* United States v. Moore, 439 F.2d 1107 (6th Cir.1971), or of any other evidence not specifically mentioned by the rule.

United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988)(emphasis added) .

In the correspondence between the parties beginning with the defendant's initial letter request dated November 16, 2006, the United States advised the defendants that it would continue to provide discovery within the law. In its first letter response dated November 17, 2006 (copy attached hereto as Attachment 1), the United States informed the defendants that, as to each of the six requests, there was no evidence obtained by the United States that it intended to use in its case-in-chief that the defendants were entitled to under Rule 16. See Rule 12(b)(3)(c) and (4)(B). In a letter dated November 29, 2006 (copy attached hereto as Attachment 2), the United States further responded as follows:

> "As our letter dated November 17, 2006, relates, the United States will continue to provide access to all information as required by Rule 16. Furthermore, the United States will dutifully provide disclosure of all materials as required by *Brady* and its progeny. The questions you

> pose do not fall within the ambit of any Rule or controlling case of which we are aware and so they will not be answered. Notwithstanding this, rest assured that should we become aware of the existence of such discoverable evidence we will disclose it reasonably and promptly as is required by law. Similarly, if you are able to provide citation to a decision that clearly addresses your request we will certainly reconsider our position."

Neither the defendants' reply to the Government's above-referenced letter nor their memorandum in support of this Motion cites any supporting decision, statute, rule or policy. There is no authority which requires – or even endorses – the United States to "affirm or deny" the use or employment of various investigatory techniques or to identify specifically for an accused the individual processes or methods used in his or her case.

The law is clear. While there are certainly discovery obligations imposed as a matter of law upon the United States, "the Constitution does not require the prosecutor to share all useful information with the defendant" as Justice Breyer wrote in Ruiz, 536 U.S. 622 at 629 (2002). As the Sixth Circuit has written:

> The Court also has made it clear that while the Brady rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, *the government typically is the sole judge of what evidence in its possession is subject to disclosure*. If it fails to comply adequately with a discovery order requiring it to disclose Brady material, it acts at its own peril.

United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988)(emphasis added.), citing Pennsylvania v. Ritchie, 480 U.S. 39, 58-61 (1987).

Thus, the defendants' demand appears to be wholly unsupported by the Federal Rules and the caselaw governing discovery. Indeed, this Court recently agreed that generally, "it should limit its interpretation of Rule 16 to its plain language." Opinion and Order on Motion of the United States for Order Limiting Discovery (December 5, 2006). The United States submits that requiring such additional disclosures during the prosecution of a criminal case would not only be unprecedented, but would also substantially impair the integrity of the investigative process.

The defendants' motion raises the specter of some sort of evidence concealment, a claim for which there is no good-faith basis.  While the defendants declare in their letter of December 1, 2006 (copy attached hereto as Attachment 3), that their demands for responses to their interrogatories are "intended as a request for discovery rather than as an affirmative allegation of any particular illegality", they go on to admit that they "intend to pursue his issue on *the assumption* that there was at least one such undisclosed search, seizure, electronic surveillance, or §2703 process"(emphasis added).  They add that, "We believe such an *assumption* warranted because the government did not simply unconditionally deny the occurrence of any of the six categories of searches, seizures, orders, subpoenas, and other processes.... we believe it reasonable to *assume* that the answer to at least one of the six inquiries... is in the affirmative."

Applying the stilted logic of the defendants, it would follow that the United States could be required to disclose every single facet of its case and of any investigation preceding the indictment because the defendants would certainly *assume* there might be some actionable or arguable flaw about which to complain.  By their very act of filing their Motion, the defendants imply that the United States is behaving dishonorably and illegally by concealing evidence obtained in violation of the Fourth Amendment to the Constitution.

To the contrary, the United States has provided, and will continue to provide to the defendants, all discovery to which they are lawfully entitled pursuant to Fed.R.Crim.P. Rule 16, <u>Brady</u>, <u>Giglio</u>, Jencks Act material, and the like.  If at any time there develops any uncertainty with regard to the discoverability or admissibility of evidence the United States will undertake appropriate and professional measures to resolve such issue, to include an *in camera*, *ex parte* review by the Court if the Court so requests.

Accordingly, because the defendants' motion seeks disclosure of matters nowhere required by the Federal Rules or the caselaw governing discovery, it should be denied.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

*s/Anne L. Porter*
ANNE L. PORTER (SD2801)
Assistant United States Attorney
221 East Fourth Street, Ste. 400
Cincinnati, Ohio 45202

*s/Karl P. Kadon III*
KARL P. KADON III (0009324)
Assistant United States Attorney
221 East Fourth Street, Ste. 400
Cincinnati, Ohio 45202

**CERTIFICATE OF SERVICE**

The undersigned hereby acknowledges that the foregoing document was served electronically upon all counsel of record this 20th day of December, 2006.

*s/Anne L. Porter*
ANNE L. PORTER (SD2801)
Assistant United States Attorney