```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:06-CR-00111 |
| v. | : | **OPINION AND ORDER** |
| STEVEN E. WARSHAK, et al. | : |  |

This matter is before the Court on the Motion of the United States to Adjust Exhibit and Witness Deadline to New Trial Date (doc. 183), Defendants' Joint Memorandum in Opposition (doc. 184), the United States' Reply (doc. 185), Defendants' Surreply (doc. 186), the United States' Motion to Strike Surreply (doc. 188), and Defendants' Motion for Leave to File Surreply (doc. 187).

The government requests that the Court adjust the deadline for the production of its trial exhibits and witnesses to correlate with the continuance of the trial date on January 8, 2008 (doc. 183). The government states it has already produced many trial exhibits to counsel for Defendants, but that Defendants have yet to produce any reciprocal discovery (Id.). As the previous disclosure deadline was six weeks in advance of trial, the government proposes a new deadline for November 27, 2007 (Id.).

The Defendants respond that disclosure of all evidence is necessary for the Kastigar-like hearing, set for September 27, 2007

(doc. 184).  Defendants argue the Court has imposed no duty upon them to produce reciprocal discovery before the government identifies the exhibits it intends to introduce at trial (Id.).

The government replies that Defendants misunderstood the Court's order setting the Kastigar-like hearing (doc. 185).  In the government's view, the hearing is for the narrow purpose of producing sworn testimony of government agents that they did not use attorney-client privileged information in obtaining evidence against Defendants and for showing the government obtained no proffers by persuading witnesses with privileged information (Id.).  The government argues that should all the individual trial exhibits be examined by Defendants and used at the hearing, the evidentiary hearing would be transformed into a full-blown trial (Id.).

Defendants filed a surreply, and for leave to file such surreply (docs. 186, 187), which the government moved to strike (doc. 188).  Defendants argue the government must turn over its exhibit and witness lists prior to the Kastigar-like hearing, as otherwise Defendants' ability to demonstrate that portions of the government's case were derived from privileged information will be seriously compromised (doc. 186).  In Defendants' view, "these are not matters that can be resolved simply by putting the agents on the stand to deny that they used privileged information" (Id.).

Having reviewed this matter, the Court finds the government's motion well-taken.  The Court will not order the

2

government to produce its trial exhibits and witness lists so far in advance of trial when the Defendants have apparently made no attempts to reciprocate with discovery. The Court further finds it necessary to clarify its view of the September 27, 2007 hearing, as its prior Order setting such hearing can arguably be interpreted to support two views of what it intends to take place, and what evidence is necessary. The Court agrees with the government's view that the hearing should serve the narrow purpose of eliciting the sworn testimony of government agents as to their handling of evidence in this matter.

Defendants' stated view that their "ability to demonstrate that portions of the government's case were derived from privileged information" will be compromised without production of all of the government's trial exhibits and witnesses is incorrect for the simple reason that the burden at this hearing is not on Defendants, but on the government. At the July 10, 2007 hearing the government represented that out of the universe of evidence seized from the execution of search warrants, only a very narrow portion has been reviewed and will serve to support its case. The government stated that the lion's share of the evidence was sent away to warehouses and sealed off from access to the prosecution team. The government agents who managed this process should be capable of testifying as to their conduct, as to how they protected attorney-client and work-product privileged information,

3

what they did with any privileged information that was in their custody, and whether they used any privileged information to obtain evidence or witness proffers.  In short, the Court subscribes to the government's narrower view of the purpose of the Kastigar-like evidentiary hearing.

Accordingly, for the reasons indicated herein, the Court GRANTS the Motion of the United States to Adjust Exhibit and Witness Deadline to New Trial Date (doc. 183), and SETS the disclosure deadline for November 27, 2007.  The Court need not reach the parties' arguments concerning the validity of Defendants' surreply, and for purposes of the Court's docket DENIES the respective motions (docs. 187, 188).

SO ORDERED.

Dated: September 25, 2007        /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge